1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DEREK DAVIS,                              No. 2:18-cv-3218 DB P

11              Petitioner,

12        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
13   DHS, et al.,

14              Respondents.

15

16        Petitioner is a federal detainee currently housed at Etowah County Detention Center

17   located in Gadsden, Alabama and is proceeding pro se. On March 18, 2019, petitioner filed a

18   motion for a stay of removal. (ECF No. 6). Thereafter, on April 1, 2019, petitioner filed a first

19   amended petition pursuant to 28 U.S.C. § 2241. (ECF No. 7). For the reasons stated below, the

20   undersigned shall recommend that the Section 2241 motion and the motion for a stay of removal

21   be summarily dismissed for lack of jurisdiction.

22   **I.      PROCEDURAL HISTORY**

23        **A.      Section 2241 Petition**

24        On December 18, 2018, petitioner filed an initial pleading in this court. (ECF No. 1). The

25   pleading, which had not been filed on a court form, was forty-one pages in length and virtually

26   unintelligible. (See generally id.). Nevertheless, the court determined that part of the pleading

27   was attempting to challenge petitioner's removal proceedings. As a result, on February 28, 2019,

28   the undersigned dismissed the pleading with leave to amend. (ECF No. 5). At that time,

                                                1

petitioner was directed to file an amended pleading on the court's 28 U.S.C. § 2241 form.[1] (Id. at 2).

On March 18, 2019, petitioner filed the instant motion for a stay of removal. (ECF No. 6). Shortly thereafter, on April 1, 2019, petitioner filed his amended Section 2241 petition. (See ECF No. 7).

### B.    Related Section 2255 Motion in Davis

Prior to petitioner filing the instant Section 2241 pleading, on January 22, 2019, in United States v. Davis, No. 2:08-cr-0474 WBS KJN 1 ("Davis"), petitioner filed a Section 2255 motion to vacate his sentence. (See Davis, ECF No. 387). Davis is a criminal matter which was originally filed in this court in August 2008.[2] (See Davis, ECF No. 1).

Petitioner's Section 2255 motion to vacate his sentence that was filed in Davis was denied without prejudice on January 28, 2019. (Davis, ECF No. 388). Thereafter, on February 6, 2019, petitioner filed a motion for reconsideration of his motion to vacate his sentence. (See Davis, ECF No. at 389). On February 8, 2019, the Section 2255 motion was referred to another magistrate judge in this jurisdiction for consideration. (See Davis, ECF No. 390).

On March 29, 2019, the magistrate judge in Davis dismissed petitioner's Section 2255 motion and gave him thirty days to amend it. (See Davis, ECF No. 396). Since then, petitioner has filed several amended motions to vacate his sentence. (See Davis, ECF Nos. 401-405). They are currently pending before the Davis court.

### C.    Motions for Stay of Removal

On March 18, 2019, petitioner filed identical motions to stay his removal in both the

---

[1]  A Section 2241 habeas petition is typically used to challenge the manner, location or conditions of the execution of a sentence. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). However, it may also be used to challenge removal proceedings.

[2]  In Davis, on January 6, 2009, petitioner pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and one count of causing or attempting to cause a domestic financial institution to fail to file a currency transaction report in violation of 31 U.S.C. § 5324(a)(1). (See Davis, ECF No. 29). On November 30, 2012, petitioner was sentenced to 70 months on each count, to be served concurrently, with terms of supervised release of 60 months for the mail fraud count and 36 months for the currency transaction report count, to be served concurrently. (See Davis, ECF Nos. 274, 278, 294). Petitioner was also ordered to pay restitution. (See Davis, ECF No. 294 at 5).

instant case and in the <u>Davis</u> case. (<u>Compare</u> ECF No. 6, <u>with</u> <u>Davis</u>, ECF No. 394). Each of those matters are pending before the respective magistrate judges assigned to the cases. (<u>See</u> ECF No. 6; <u>see</u> <u>also</u> <u>Davis</u>, ECF No. 394). The undersigned shall address the instant stay motion.

## II.    RELEVANT FACTS

### A.    Section 2255 Motion in <u>Davis</u>

The court takes judicial notice of <u>United States v. Davis</u>, No. 2:08-cr-0474 WBS KJN 1. <u>See</u> <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980) (stating court may take judicial notice of its own records in other cases). It also takes judicial notice of the fact that in the <u>Davis</u> matter, petitioner has been granted the opportunity to file an amended Section 2255 motion (<u>see</u> <u>Davis</u>, ECF Nos. 389, 396 at 4) and that petitioner has also filed a motion to stay his removal order (<u>see</u> <u>Davis</u>, ECF No. 394).

Petitioner's initial Section 2255 motion filed in <u>Davis</u> on January 22, 2019, had been dismissed because it contained no briefing in support of the motion. (<u>See</u> <u>Davis</u>, ECF Nos. 387, 388, 396 at 3). Petitioner's recently filed amended Section 2255 motion in <u>Davis</u>, submitted April 29, 2019, asks the court to vacate his conviction and sentence. (<u>See</u> generally <u>Davis</u>, ECF No. 401). In it, petitioner claims that he was improperly sentenced and that he has been subject to illegal detention. (<u>See</u> <u>generally</u> <u>id.</u> at 1-17). In sum, the amended Section 2255 motion challenges petitioner's conviction and sentence that occurred in this district some time ago. Thus, it falls within the scope of a Section 2255 motion. <u>See</u> <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000) (stating motions contesting legality of sentence must be filed under Section 2255 in sentencing court).

### B.    Section 2241 Petition

The amended Section 2241 petition in the instant action challenges the propriety of the immigration proceeding that led to petitioner's order of final removal. (<u>See</u> ECF No. 7 at 3). In it, petitioner states that he did not commit the alleged offense and that the prosecution cannot prove that he did. (<u>See</u> <u>id.</u>). On the contrary, petitioner contends that there is plenty of exculpatory evidence and that he was "deceived into taking a plea" by the prosecutor and by his court-appointed counsel. (<u>See</u> <u>id.</u>).

1       The amended Section 2241 petition also clearly states that prior to its filing:  (1) petitioner

2 had filed a 28 U.S.C. § 2255 motion in <u>Davis</u>, and (2) the Section 2255 motion in <u>Davis</u> is

3 currently pending review in this division.  (<u>See</u> ECF No. 7 at 2) (petitioner identifying <u>United</u>

4 <u>States v. Davis</u>, No. 2:08-cr-0474 WBS KJN 1 action in instant Section 2241 motion).

5 Ultimately, like petitioner's Section 2255 motion in <u>Davis</u>, the instant Section 2241 petition also

6 challenges the legality of petitioner's sentence.  The amended Section 2241 petition, however,

7 goes on to state that the reason the remedy under petitioner's currently pending Section 2255

8 action in <u>Davis</u> is "inadequate or ineffective" is because, "His Honor Judge Shubb was tardy" in

9 responding to his intent to appeal.[3]  (<u>See</u> <u>id.</u> at 2-3).

10       **C.**   **Instant Motion for Stay of Removal**

11       Petitioner's motion for stay of removal in this action is 146 pages in length, and it is not

12 filed on a court form.  (<u>See</u> <u>generally</u> ECF No. 6).  It is rambling, unfocused and virtually

13 incomprehensible.  (<u>See</u> <u>generally</u> <u>id.</u>).  However, based upon the title of the filing, the

14 undersigned presumes the obvious:  that petitioner is asking the undersigned to issue a stay of his

15 removal.  (<u>See</u> ECF No. 6 at 1) (brief entitled "Emergency Motion for a Stay of Removal").

16 **III.**    **APPLICABLE LAW**

17       **A.**   **Section 2255 Motion and Section 2241 Petition**

18       At the outset of a case, a district court must determine whether it has jurisdiction over a

19 petition filed by a federal prisoner.  <u>Stephens v. Herrera</u>, 464 F.3d 895, 987 (9th Cir. 2006);

20 <u>Hernandez</u>, 204 F.3d at 865.  Challenges to the legality of a federal conviction or sentence

21 generally must be filed in the sentencing court pursuant to 28 U.S.C. § 2255, while a federal

22 prisoner who seeks to challenge the manner, location or conditions of the execution of his

23 sentence may file a habeas petition under 28 U.S.C. § 2241 in the district of custody.  <u>See</u>

24 <u>Hernandez</u>, 204 F.3d at 864.  For the most part, "[t]he general rule is that a motion under 28

25 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his

26 detention . . . and that restrictions on the availability of a [Section] 2255 motion cannot be

27 _____

28 [3]  United States District Court Judge Shubb and United States Magistrate Judge Newman
currently preside over the <u>Davis</u> matter.

4

avoided through a petition under [Section] 2241." Stephens, 464 F.3d at 897 (brackets added) (internal citations omitted).

However, a federal prisoner (or detainee)[4] may petition for habeas relief under Section 2241 to contest the legality of his conviction or sentence if it appears that a Section 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). This exception to the general rule is called the "escape hatch" or "savings clause" of Section 2255. See Stephens, 464 F.3d at 897. A Section 2241 petition may be brought under this clause of Section 2255 "when a petitioner: (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens, 464 F.3d at 898; see Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir.), cert. denied, 555 U.S. 911 (2008). The escape hatch, however, may not be used because of potential delays in the resolution of a Section 2255 motion. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (holding delay in considering Section 2255 motion in pending appeal not sufficient to make Section 2255 remedy "inadequate or ineffective").

### B. Motion for Stay of Removal

The judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5). The REAL ID Act eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeal. Puri v. Gonzales, 464 F.3d 1036, 1041 (9th Cir. 2006). District courts no longer have jurisdiction to review such orders. Iasu v. Smith, 511 F.3d 881, 886-87) (9th Cir. 2007). Thus, the exclusive means of asserting a challenge to an order of removal is to file a petition for review with an appropriate court of appeal. Momeni v. Chertoff, 521 F.3d 1094, 1095-96 (9th Cir. 2008). "A request to stay an order of removal based on a pending collateral claim does not escape the jurisdiction stripping provisions of the REAL ID Act." Beskurt v. Dept. of Homeland Sec., No. C11-1169 MJP, 2011 WL 5877768, at *3 (W.D.

////

---

[4] Section 2241 also presupposes federal jurisdiction over detainees. See Rasul v. Bush, 542 U.S. 466, 489-90 (2004).

Wash. Oct. 7, 2011) (quoting <u>Mancho v. Chertoff</u>, 480 F.Supp.2d 160, 162 (D.D.C. 2007))

(citations omitted).

**IV.    DISCUSSION**

    **A.    Section 2241 Petition Is Improperly Before this Court**

In the instant amended Section 2241 petition, petitioner challenges the validity of his

conviction, sentence and an issue related to his pending removal proceedings. (<u>See</u> ECF No. 7 at

2). He argues, in relevant part, that he was not guilty but that he changed his plea to guilty due to

"exceptional circumstances." (<u>See</u> <u>id.</u>). He further contends that the immigration court "ruled on

a dismissed count of conviction, rendering [the] ruling 'fatally defective.'" (<u>See</u> ECF No. 7 at 3-

4) (brackets added). Petitioner also clearly states in the Section 2241 motion that the pending

Section 2255 motion that he has filed in <u>Davis</u> is "inadequate" and/or "ineffective" because the

District Court judge assigned to the <u>Davis</u> matter was taking too long to rule on it. (<u>See</u> <u>id.</u> at 2-

3).

Challenges to one's federal sentence or conviction must be filed in a Section 2255 motion

in the court that sentenced the petitioner. <u>See</u> <u>Hernandez</u>, 204 F.3d at 864. Petitioner states that

he was sentenced in this court (<u>see</u> ECF No. 7 at 2), which, on its face, gives the <u>Davis</u> court

jurisdiction to hear the pending Section 2255 motion.[5] <u>See</u> <u>Braden v. 30th Judicial Circuit Court</u>,

410 U.S. 484, 497 (1973) (stating only sentencing court has jurisdiction to consider Section 2255

motion).

Although it is true that the escape hatch provision of Section 2255 permits a litigant to

bring an action challenging one's conviction or sentence via a Section 2241 petition (<u>see</u> 28

U.S.C. § 2255(e); <u>Moore</u>, 185 F.3d at 1055), such petitions must be filed in the jurisdiction where

the litigant is confined. <u>See</u> <u>Braden</u>, 410 U.S. at 495 (stating Section 2241 petition must be filed

in district that has jurisdiction over petitioner's custodian); <u>Harrison</u>, 519 F.3d at 956 (stating

same). In this case, petitioner is currently housed at the Etowah County Detention Center in

---
[5] The court herein expresses no opinion as to whether petitioner's Section 2255 motion in <u>Davis</u> is timely, appropriate or viable. (<u>See</u> <u>Davis</u>, ECF No. 370 at 5-9) (<u>Davis</u> court stating if petitioner's coram nobis petition had been converted to Section 2255 motion, statute of limitations would bar Section 2255 motion).

1   Gadsden, Alabama.  (See ECF No. 1 at 7).  Therefore, any Section 2241 petition should be filed

2   in the federal jurisdiction that governs that area, and it should name petitioner's immediate

3   custodian as the respondent.  See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (stating

4   immediate custodian is proper respondent of Section 2241 petition).

5           Furthermore, district courts are limited to granting habeas relief "within their respective

6   jurisdictions."  See 28 U.S.C. 2241(a).  This means that jurisdiction over petitioner's Section

7   2241 petition only lies in this district if has jurisdiction over petitioner's custodian in Gadsden,

8   Alabama, which it does not.  See, e.g, Rumsfeld, 542 U.S. at 442 (citing Braden, 410 U.S. at

9   495); see also Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) (stating Section 2241(d)

10  applies when prisoner is confined in state in which he was convicted and sentenced).  For these

11  reasons, this court has no jurisdiction over the instant Section 2241 petition, and it may not

12  review the substance of the petition herein.  Furthermore, even if petitioner was confined in this

13  jurisdiction, one may not file a Section 2241 petition simply because one is not satisfied with the

14  speed at which the underlying pending Section 2255 motion is being resolved.  See Pirro, 104

15  F.3d at 299 (holding delay in consideration of Section 2255 motion insufficient to make Section

16  2255 remedy inadequate or ineffective).  For these reasons, the undersigned shall recommend that

17  this petition be summarily dismissed.

18          **B.      Motion for Stay of Removal is Improperly Before This Court**

19          It appears that after petitioner has served his sentence, he may be deported.  (See Davis,

20  ECF No. 387 at 14).  As a result, petitioner has filed a motion for a stay of removal in this case.

21  (See ECF No. 6).  Given that a district court may not review removal orders because such review

22  is restricted to courts of appeal (see 8 U.S.C. § 1252(a)(5)), it shall be recommended that

23  petitioner's motion for a stay of removal also be summarily dismissed for lack of jurisdiction.

24          Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a

25  District Court judge to this action.

26          IT IS FURTHER RECOMMENDED that:

27          1.  Petitioner's motion for a stay of removal, filed March 18, 2019 (ECF No. 6), be

28  summarily DISMISSED for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), and

2. Petitioner's first amended Section 2241 petition, filed April 1, 2019 (ECF No. 7), be summarily DISMISSED for lack of jurisdiction. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.HABEAS/davi3218.scrn.dsms.of&r

8